CASE NO.: 1:22-cr-20557-BB-2

UNITED STATES OF AMERICA
Plaintiff,

v.

RAMON REYES ARNADA,
Defendant.

_____/

## SENTENCING MEMORANDUM

### MEMORANDUM OF LAW

The Sentencing Reform Act of 1984 created the U. S. Sentencing Guidelines ("Guidelines") in which a Federal District Court Judge must consider each of the factors set forth in 18 USC § 3553 (a) when crafting a sentence. However, judges cannot increase sentences beyond the statutory maximum based on their own factual findings. See Blakely vs. Washington, 524 US 296, 303-04 (2004); Later the Court more thoroughly remedied the constitutional problem by holding that sentencing courts must consider the guidelines as only "advisory" and that may "tailor their sentence in light of other statuary concerns". See United States cs. Booker 543 US 220, 245-246 (2005).  Pursuant to Booker, guidelines are no longer mandatory, and the final sentence has to withstand "Reasonableness" review. Id 543 US 220, 221; See also Rita vs. United States, 551 US 338 (2007); See also Kimbrough vs. United States, 552 US 85 (2007); Gall vs. United States, 525 US 38 (2007).

The factors the Court must consider in crafting a sentence are:

 (1) The nature and circumstances of the offense and the Defendant's history and characteristics (18 USC § 3553(a)(1)).

(2) The general purpose of the Sentencing Reform Act: The need for the sentence imposed to:

(A) Reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant;

(D) To protect the defendant with needs for educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 USC § 3553(a) (2)).

(3) The kinds of sentences available (18 USC § 3553(a)(3)).

(4) The pertinent policy statements issued by the "U.S Sentencing Commission" (18 USC § 3553(a) (5)).

(5) The need to avoid unwarranted sentences disparities between defendants convicted of similar conduct: (18 USC § 3553 (a)(6)).

(6) The need to provide restitution to any victims (18 USC § 3553(a)(7)).

(7) The applicable sentence range recommended by the "Guidelines" (18 USC § 3553(a) (4)). Sentencing courts are required to consider the § 3553(a) factors and may not presume that a sentence within the guidelines range is automatically reasonable. Gall 128 S.CT 586,596. But sentencing courts have a great deal of discretion in deciding how the factors apply to the case and in setting a sentence accordingly. See Gall 127 S.CT at 597. Sentencing courts are not required to impose a sentence within the range provided by the "Guidelines. See Kimbrough 128 S.CT at 574-75.  United States vs. Diaz - Arguera, 447 F.3d 1167 (9th Cir,2006). Everything boils down to the sentencing court imposing a sentence that is both procedurally reasonable and substantive reasonable and according to the § 3553(a) factors, Mr. Reyes Aranda is asking this Honorable

Court to apply a variance from the federal sentencing guidelines in this case and states as grounds thereof the following:

## REQUEST FOR VARIANCE UNDER 18 USC 3553 (a)

1. **Nature and Circumstances of the Offense**

The defendant accepted responsibility for his actions and testified against the codefendant. This testimony is the backdrop of a large and dangerous international criminal organization and the defendant is expecting blowback from his testimony. She and his family are scared of retribution at the moment.

2. **The History and Characteristics of the Defendant**

The defendant is a 38 year old Cuban man who resides with his 62 year old mother, Elena Renada. The defendant's mother has been battling a kidney tumor and is in bad shape. The defendant has a three year old son what has ben diagnosed with asthma and receives treatment. The defendant is very involved in the medical care. To all accounts defendant is a great father. The defendant has been hard-working all his life and has been working as a truck driver since 2019 full-time for several trucking companies.

### The Defendant's Family Support

The Defendant's mother and father are aware of his legal situation and remain supportive.

3. **Conclusion**

Mr. Reyes Aranda cooperated with the process as best he could, taken responsibility early on in this case and pled guilty in a speedy fashion. There is no doubt that the Defendant will be able to satisfy the conditions of his plea.

WHEREFORE, the Defendant, Ramon Reyes Aranda, through undersigned counsel respectfully petitions this Honorable Court to apply a variance in this case.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was e-filed via CM/ECF and furnished to Assistant United States Attorney Brian Dobbins on this 14th day of December 2023.

Respectfully Submitted,

By:  /s/ *Bijan S. Parwaresch, Esq.*
FL Bar No.: 127700
407 Lincoln Road, Suite 12-E
Miami Beach, FL 33139
Tel: (305) 505-8858
Fax: (888) 232-4041
Bijanlaw@aol.com
*Attorney for the Defendant*

Page **5** of **5**